# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONNA CHANCE | CIVIL ACTION |
| VERSUS | No. 07-9427 |
| DESIGNER WARDROBE TRAILERS, INC., *et al.* | SECTION: I/4 |

## ORDER AND REASONS

Before the Court is Paramount Pictures Corporation's ("Paramount") motion to enter final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure or, alternatively, to certify the Court's order for appeal pursuant to 28 U.S.C. § 1292(b).

The Court previously denied Paramount's motions for partial summary judgment in light of Paramount's agreement to indemnify third-party plaintiff, Designer Wardrobe Trailers, Inc. ("DWT"), for all claims or liability arising out of or in connection with the use or operation of a trailer that DWT leased to Paramount, unless arising out of DWT's sole negligence. The Fifth Circuit has stated:

> Rule 54(b) of the Federal Rules of Civil Procedure provides that "the court may direct entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon express direction for the entry of judgment." . . . One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals. A district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not

>     be entered routinely as a courtesy to
>     counsel.

*PYCA Indus., Inc. v. Harrison County Waste Water Mgmt Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996) (citations omitted). Given that DWT's liability remains unresolved and trial is scheduled to commence in less than a month, the Court is not persuaded that any danger of hardship or injustice outweighs the Fifth Circuit's policy against piecemeal appeals or demonstrates that there is no just reason for delay.[1] *See Ichinose v. Travelers Flood Ins.*, No. 06-1772, 2007 WL 1799673, at *2 (E.D. La. June 21, 2007) (Vance, J.)("In making this determination, the district court has a duty to weigh 'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.'" (quoting *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992))).

Nor does the Court find it appropriate to certify its order for appeal pursuant to 28 U.S.C. § 1292(b). In interpreting the indemnity agreement at issue, the Court applied California law, as required by the lease and as argued by Paramount in its memorandum in support of its motion for summary judgment. The Court followed the reasoning of a California appellate court which considered similar language to that used in Paramount's indemnity agreement. Paramount has not directed the Court to any

---

[1] Paramount acknowledges in its motion that DWT's liability "has yet to be determined." Rec. Doc. No. 132-2, p. 5. As such, there is a possibility that the need for appellate review of this indemnity issue may be mooted by the jury's determination of fault.

California cases that interpret such language differently. As such, the Court's order does not involve "a controlling question of law as to which there is substantial ground for difference of opinion" and an immediate appeal will not "materially advance the ultimate termination" of this litigation. *See* 28 U.S.C. § 1292(b).

New Orleans, Louisiana, April __13th__, 2009.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE